IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RICKY HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:22-cv-01272-STA-jay |
| ) | |
| MANITOWOC FSG OPERATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER OF *SUA SPONTE* DISMISSAL IN PART**

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 7) on Plaintiff Ricky Hayes's Pro Se Complaint submitted June 27, 2023. Plaintiff filed timely objections (ECF No. 8) on July 10, 2023. For the reasons set forth below, the Magistrate Judge's report and recommendation is **ADOPTED**.

**BACKGROUND**

On December 8, 2022, Plaintiff filed a Pro Se Complaint alleging claims against his employer Manitowoc FSG Operations, LLC, for the violation of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Pursuant to Administrative Order 2013-05, the case was assigned to the Magistrate Judge for management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. The Magistrate Judge entered an order granting Plaintiff's motion to proceed *in forma pauperis* on January 18, 2023. In cases where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint

and dismiss the action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Magistrate Judge's report and recommendation constitutes the Court's screening.

The Magistrate Judge has construed the Pro Se Complaint to allege the following claims: age discrimination and retaliation under the ADEA and disability discrimination and retaliation under the ADA. The Magistrate Judge found that the Pro Se Complaint stated plausible claims for age discrimination under the ADEA and disability retaliation under the ADA. The Magistrate Judge has recommended that the Court allow these two claims to proceed. However, the Magistrate Judge concluded that the Pro Se Complaint failed to state claims for disability discrimination under the ADA and retaliation under the ADEA. The Magistrate Judge therefore recommended dismissal to the two claims pursuant to 28 U.S.C. § 1915. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–57 (2007). Plaintiff's timely objections followed.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The

2

Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

The Court holds that Plaintiff has failed to raise any specific objection to the findings of fact or conclusions of law set out in the United States Magistrate Judge's report and recommendation. Plaintiff just asks the Court to review the report and recommendation. *See* Pl.'s Objs. 2, July 10, 2023 (ECF No. 8) ("I would like for these two reports to be gone over and checked . . . ."). Plaintiff's request for review of the Magistrate Judge's report does not actually state a specific objection to the Magistrate Judge's recommendations. The Sixth Circuit has opined that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

> A general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless. The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate [judge]'s report.

*Id.* (citing *Thomas*, 474 U.S. at 148); *see also Special Learning, Inc. v. Step by Step Academy, Inc.*, 751 F. App'x 816, 819 (6th Cir. 2018) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate [judge]'s report.").

3

The Court holds that Plaintiff has not presented any specific objection to the Magistrate Judge's recommended legal conclusion that Plaintiff's Pro Se Complaint has failed to state an ADEA retaliation claim or an ADA disability discrimination claim. Plaintiff has thereby waived any objection to the Magistrate Judge's substantive conclusions on those claims. Therefore, the Court hereby adopts the Magistrate Judge's report and recommendation.

Plaintiff's objection states that Plaintiff is in the process of gathering medical records and obtaining a statement from a witness to corroborate his neck injury. The Magistrate Judge did not make any findings in his report about whether Plaintiff suffered a neck injury or the extent of such an injury. The Magistrate Judge simply held that the facts alleged in the Pro Se Complaint did not state a plausible claim for disability discrimination under the ADA. Because the case will proceed on Plaintiff's ADEA age discrimination claim and ADA retaliation claim, Plaintiff will have a full opportunity to present evidence in support of those claims at a later time.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the United States United States Magistrate Judge is adopted. Plaintiff's claims for retaliation under the ADEA and disability discrimination under the ADA are **DISMISSED** *sua sponte*. Plaintiff's remaining claims for age discrimination under the ADEA and retaliation under the ADA will proceed. This matter is recommitted to the Magistrate Judge for the management of all further pretrial matters.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 19, 2023